UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT S. OLSON,<br><br>                                Plaintiff,<br><br>v.<br><br>WARDEN ISIDRO BACA, et. al.,<br><br>                                Defendants. | Case No. 3:16-cv-00195-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff filed his complaint on April 8, 2016. (ECF No. 1.) He was formerly an inmate within the Nevada Department of Corrections (NDOC), housed at Northern Nevada Correctional Center (NNCC). (Compl., ECF No. 7 at 1.) He is a pro se litigant asserting claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et. seq.* (ADA), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (RA). (*Id*.) He also makes reference to Article I, Sections 1 and 8 of the Nevada Constitution, as well as the First, Eighth and Fourteenth Amendments to the United States Constitution. (*Id*.)

Defendant Baca filed a motion to dismiss on June 1, 2016. (ECF No. 7.) Plaintiff did not file a response to the motion. The undersigned issued a report and recommendation on October 31, 2016, that Baca's motion be granted in part and denied in part. (ECF No. 11.) Specifically, the undersigned recommended that Plaintiff's requests for injunctive relief be dismissed, but that his claims for money damages under the ADA and RA be allowed to proceed against Baca (in his official capacity) and Northern Nevada Correctional Center (NNCC). (ECF No. 11.) The undersigned further found Plaintiff stated no other claims.

In light of Plaintiff's failure to file a response to the motion to dismiss, the undersigned simultaneously issued an order to show cause directing Plaintiff to file and serve a notice of intent to prosecute this action on or before December 1, 2016. (ECF No. 10.) Plaintiff was advised that a failure to do so would result in a dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id*.)

As of the date of this Report and Recommendation, Plaintiff has not filed a notice of intent to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss a pro se plaintiff's action on this basis, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). In addition, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citation omitted) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The presumption is warranted here given that Plaintiff has not had any contact with the court since he

filed this action. Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of the Plaintiff, this is not outweighed the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received absolutely no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are any other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his efforts to proceed with this litigation. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the *Carey* factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: December 5, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE